UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TODD M. KIMBERLIN,<br><br>Plaintiff,<br><br>v.<br><br>GALIPEAU, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-294-JD-MGG |

OPINION AND ORDER

Todd M. Kimberlin, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 complaining about ongoing medical issues. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, however, the allegations in the complaint establish that Kimberlin filed suit before he exhausted his administrative remedies within the prison. Therefore, this case must be dismissed.

Kimberlin is suing Warden Galipeau and Medical Director Livers for not responding to several letters he sent them about his healthcare requests going unanswered and his ongoing need for medical care due to an alleged hernia mesh

revision failure. He wants injunctive relief and money damages. But his allegations concerning the grievance process establish that Kimberlin filed suit before the grievance process was completed. He alleges in his complaint that after his dorm officer would not give him a grievance form, he obtained one from the grievance office and submitted a grievance about his unanswered healthcare requests on April 4, 2022. ECF 1 at 4-5, ECF 1-1 at 1. The next day, he submitted this complaint for filing. ECF 1 at 5.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks omitted). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a

judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The allegations here show that, although Kimberlin began the grievance process, he filed this suit before the process was completed.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE because it was filed before Todd M. Kimberlin exhausted his administrative remedies.

SO ORDERED on April 22, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT